<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN FRANCISCO LEMUS RIVAS,<br><br>   Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>   Respondent. | Civil Action No. 16-4195 (JMV)<br><br>**OPINION** |

APPEARANCES:

Juan Francisco Lemus Rivas
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105
   on behalf of Petitioner

Craig W. Kuhn
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
   on behalf of Respondent

**VAZQUEZ**, United States District Judge

On July 11, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 21, 2016, Respondent filed an Answer, opposing relief on the basis that Petitioner is now detained under 8 U.S.C. § 1231(a), after his removal order became final on September 29, 2016. (ECF No. 4 at 9.)

I. BACKGROUND

In his petition for habeas corpus relief pursuant 28 U.S.C. § 2241, Petitioner alleges he has been in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), and held in Essex County Correctional Facility since November 5, 2015. (ECF No. 1 at 2.) Petitioner is a citizen of El Salvador. (*Id.* at 3.) He is not a lawful permanent resident, and he last entered the United States in 2004. (*Id.* at 6.) On January 29, 2015, Petitioner was convicted in the Hudson County Superior Court of New Jersey of Endangering the Welfare of a Child, in violation of N.J.S.A. § 2C:24-4A. (ECF No. 4-5 at 2.)

On June 18, 2015, ICE issued Petitioner a Notice to Appear, charging him with removability as an aggravated felon. (ECF No. 4-5 at 1.) Petitioner was taken into custody by ICE on November 5, 2015, pursuant to 8 U.S.C. § 1226(c). (*Id.*) Petitioner filed an application for asylum. (ECF No. 1 at 2.) On June 15, 2016, an Immigration Judge ("IJ") sustained the charges, denied relief, and ordered Petitioner's removal. (ECF No. 1 at 2-3.) The Board of Immigration Appeals affirmed the IJ's removal order on September 29, 2016. (ECF No. 4-2.) When Respondent filed the Answer on October 21, 2016, Petitioner had not filed a petition for review in the Third Circuit Court of Appeals.[1] (ECF No. 4 at 4.) Respondent contends Petitioner's removal period began on September 29, 2016. *See* 8 U.S.C. § 1231(a)(1)(B) (removal period begins on latest of three instances, including the date the order of removal becomes administratively final.))

---

[1] This Court's search of the docket for the Third Circuit Court of Appeals did not reveal a pending case by Petitioner. "A petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). For Petitioner, this deadline appears to have elapsed on or about October 29, 2016.

2

## II.     DISCUSSION

### A.     Standard of Review

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes, including aggravated felonies. Detention without the possibility of bond "for a reasonable period of time" pursuant to § 1226(c) is constitutional. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011). Section 1226(c) detention, without a bond hearing, may raise constitutional concerns if detention becomes unreasonably prolonged. *Id.*

When a petitioner's removal order becomes final, his petition for relief from prolonged pre-final removal order detention under 8 U.S.C. § 1226(c) is moot. *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009). "When an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . ." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2). 8 U.S.C. § 1231(a)(6) authorizes post-removal order detention of an alien convicted of an aggravated felony for a reasonable period to bring about removal, generally for six months. *Rodney*, 340 F. App'x at 764. After the six-month period, an alien may be conditionally released if he can "demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

### B.     Analysis

Petitioner's claim for relief under 8 U.S.C. § 1226(c) is moot because he is no longer detained pursuant to that statute. Petitioner's present detention is governed by 8 U.S.C. § 1231(a). The 90-day removal period began on September 29, 2016, and there is an additional six-month period of reasonable removal detention. Therefore, Petitioner's habeas petition, even it if is construed as a request for relief under § 1231(a), is premature. See Rodney, 340 F. App'x at 765

(finding petitioner's challenge to detention under *Zadvydas* was premature where petitioner had sought relief from detention under § 1226(c) and the statutory basis for his detention changed).

### III.   CONCLUSION

Petitioner's request for habeas relief from detention under 8 U.S.C. § 1226(c) is moot; and habeas relief from detention under 8 U.S.C. § 1231(a) is premature.  Therefore, the Court will dismiss the habeas petition as moot.

An appropriate Order follows.


Date: December 2, 2016                                              s/ John Michael Vazquez
At Newark, New Jersey                                               JOHN MICHAEL VAZQUEZ
                                                                    United States District Judge